[S. F. No. 15564.   In Bank.—October 23, 1936.]

FRANK McCAFFERTY et al., Appellants, v. JOHN W. JONES et al., Respondents.

Marshall Nuckolls and Raymond J. O'Connor for Appellants.

Harry I. Stafford and Daniel R. Shoemaker for Respondents.

WASTE, C. J.—This is an action to establish a trust as to a one-sixth interest in each of the plaintiffs in two parcels of real property and in an alleged accumulation of money in a sum in excess of $10,000. It appears that the defendants intermarried in the year 1894. At the time, the defendant Ellen A. Jones had a three-year-old son by a former marriage, one of the plaintiffs herein. As a result of this union, three children were born to the defendants. All four children were raised together in the family household. Throughout the many years of their married lives the defendants purchased and sold several parcels of real property, realizing a profit on each transaction. The two parcels of real property and the accumulation of money here involved represent the culmination of defendants' real estate deals. In 1929, after thirty-five years of married life, the defendant John Jones left home because of marital difficulties. Before doing so, however, he and the defendant Ellen A. Jones withdrew the disputed fund of money from a bank account standing in their joint names and divided the same equally between them, each taking approximately $5,500. Shortly thereafter the defendant John Jones instituted an action for divorce against the defendant herein, Ellen Jones. During the pendency of the divorce action the defendant Ellen Jones recorded a deed of gift covering the two parcels of real property which had been executed by her husband, the defendant John Jones, to her and followed this by executing a deed covering both parcels to one of the plaintiffs herein, Beatrice A. LaVigne, one of the daughters of the parties. Upon learning of this, the defendant John Jones commenced an action against his estranged spouse, the defendant Ellen Jones, and the grantee-daughter, to have the deeds to them set aside. In that action it was found that the deed executed by John Jones to Ellen Jones, his wife, and covering the two parcels here involved, was one of two mutually executed deeds of gift, that it had not been delivered by the grantor and was therefore ineffective for all purposes. It was also found that the deed from the defendant wife to the daughter of the parties failed to convey any right, title or interest in or to said grantee. Judgment was accordingly entered decreeing that John Jones was the owner in fee simple as

community property of the two parcels of real property involved in this action, that Ellen Jones, the wife, had a community interest therein, and that the defendant Beatrice A. LaVigne, the daughter of the two parties and one of the plaintiffs herein, had no right, title or interest therein. This judgment became final without any appeal being taken therefrom.

Thereafter the divorce action proceeded to trial, an interlocutory decree of divorce was entered wherein the two parcels of real property here involved were divided between the spouses, one parcel to each. It was stipulated that the property provisions of said decree have become final. Therefore, at the commencement of this action by the two children (one a step-son of John Jones), to impress a one-sixth trust interest in favor of each on the parcels of real property and the money above mentioned, all of said property had been divided either by court decree or voluntarily between the defendants herein, John and Ellen Jones.

The defendant John Jones by his answer to this action denied that the plaintiffs had any trust or other interest in any property or money standing in his name and, as to the plaintiff Beatrice A.. LaVigne, pleaded by way of bar and estoppel the judgment entered in the quiet title suit referred to above. The defendant Ellen Jones did not defend against the claims of plaintiffs but her default was not taken. Her only appearance in the action was as a witness for the plaintiffs. Though called under section 2055 of the Code of Civil Procedure, her testimony tends to substantiate the claims of plaintiffs.

In support of their respective claims that the parcels of real property and the money are impressed with a one-sixth trust interest in favor of each, the plaintiffs offered evidence tending to establish that the defendants orally agreed with the plaintiffs when the latter reached their majority that both plaintiffs, along with the four other members of the family, should have a one-sixth interest in all properties acquired by the family providing that they turned over their earnings for investment purposes. Plaintiffs also offered evidence tending to show that acting upon such understanding and agreement they had turned over their earnings to the defendants to be invested by them.

In opposition to this showing the defendant John Jones testified, in substance, that there never had been any understanding or agreement between the parties hereto as to a trust in favor of the plaintiffs and that he had never received any earnings or funds from the plaintiffs for investment and had never learned of any having been contributed by them for such purpose. In other words, he flatly denied and refuted the claims advanced by the plaintiffs.

The trial court found upon such conflicting evidence that there never had been any trust agreement between the parties hereto, that the defendant John Jones had never received or invested any funds of the plaintiffs and that plaintiffs have no right, title or interest in or to the properties here involved. Judgment was accordingly entered in favor of the defendant John W. Jones and the plaintiffs appealed.

Under settled principles of appellate procedure, we are bound by the findings of the court below which, in our opinion, are amply supported by substantial evidence. The few discrepancies or inconsistencies in the testimony of the defendant John W. Jones, pointed to by the appellants, are not such as to destroy his entire testimony and render the same inherently improbable. We are satisfied that the court below acted well within its province in finding against the plaintiffs.

Our conclusion that the findings are supported by substantial evidence is determinative of the case. We do not find it necessary, therefore, to pass upon the propriety of the ruling admitting the judgment roll in the quiet title suit above mentioned. Even if erroneously admitted, a point we do not decide, the error would not have been prejudicial in the face of the record now before us.

Judgment affirmed.

Curtis, J., Langdon, J., Nourse, J., *pro tem.*, Thompson, J., and Seawell, J., concurred.