Filed 5/28/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STANLEY S. JOZEFOWICZ, | |
| Plaintiff and Appellant, | G055643 |
| v. | (Super. Ct. No. 30-2016-00841171) |
| ALLSTATE INSURANCE COMPANY | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge. Affirmed.

Hamilton & Associates; Ben-Thomas Hamilton and Kristine Stcynske for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Peter H. Klee, Karin Dougan Vogel, and Matthew G. Halgren for Defendant and Respondent.

\*       \*       \*

Plaintiff Stanley Jozefowicz seeks to enforce a check he does not have.  He told his insurer, defendant Allstate Insurance Company (Allstate), that the contractor renovating his fire-damaged home was to be named on all reimbursement checks and was permitted to deposit checks into its own account.  The contractor then contacted Allstate for a check, Allstate sent it, and the contractor deposited it.  As it turns out, Jozefowicz and the contractor were having a dispute over the scope and quality of the work.  Jozefowicz sued Allstate under California Uniform Commercial Code section 3309, which provides a cause of action on a negotiable instrument where the payee has lost possession of the instrument.[1]  Allstate moved for summary judgment, contending section 3309 did not apply because Jozefowicz permitted Allstate to issue checks to the contractor.  The trial court agreed.  As do we.

FACTS

Jozefowicz owns a mobilehome that was damaged in a fire that occurred in May 2014.  At the time, Jozefowicz's mobilehome was insured under an Allstate homeowners policy.  Jozefowicz submitted a claim to Allstate for the fire damage and retained Sunny Hills Restoration (Sunny Hills) to perform cleanup, repairs, and remediation of the mobile home.

In December 2014, Jozefowicz entered into a written contract with Sunny Hills for it to perform restoration work on his mobilehome following the fire.  The written contract provided, "'Sunny Hills Restoration is hereby appointed as my representative in fact to endorse and deposit in its account any Insurance Company checks or drafts relating to this Proposal and Work Authorization.'"  Further, "'I direct

_____

[1]          All statutory references are to the California Uniform Commercial Code unless otherwise stated.

2

that Allstate Insurance *include the name of Sunny Hills Restoration on any checks or drafts relating to this Proposal and work Authorization.*'"

Having received a copy of the contract, in January 2015 Allstate issued a check for $20,943.97 made payable to both Jozefowicz and Sunny Hills to pay for repairs to Jozefowicz's mobilehome. Allstate sent the check directly to Jozefowicz, but he never cashed it. Around the same time, a dispute arose between Jozefowicz and Sunny Hills over the scope and quality of the work. Some time later, Sunny Hills contacted Allstate and requested that the check be reissued and sent directly to Sunny Hills. On March 10, 2015, Allstate issued a second check in the same amount, made payable to Jozefowicz and Sunny Hills, and sent it directly to Sunny Hills. Sunny Hills endorsed the check and deposited it into its own bank account.

Jozefowicz's operative first amended complaint names as defendants Sunny Hills, Farmers & Merchants Bank of Long Beach, and Allstate. Of the three defendants, only Allstate is a respondent to this appeal. Jozefowicz sued Sunny Hills for conversion, fraud, breach of contract, and unjust enrichment. Jozefowicz stated two causes of action against Allstate: "Recovery for Lost, Destroyed, or Stolen Check Pursuant to California Commercial Code Sections 3-309 and 3-310(b)(4)," and declaratory relief.

Allstate filed a motion for summary judgment, contending Jozefowicz was unable to satisfy the elements of a statutory claim under section 3309. The court agreed and granted the motion. Jozefowicz appealed.[2]

DISCUSSION

Section 3309 provides, "(a) A person not in possession of an instrument is entitled to enforce the instrument if (1) the person was in possession of the instrument

---

[2] On appeal, Jozefowicz does not challenge the court's ruling on the declaratory relief cause of action.

3

and entitled to enforce it when loss of possession occurred, (2) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process."[3]

Allstate's argument below, as on appeal, is straightforward: Jozefowicz expressly instructed Allstate to include Sunny Hills on all checks and notified Allstate that Sunny Hills was permitted to deposit all checks. Accordingly, the loss of possession was the result of a transfer and/or a lawful seizure (negating the second element). Moreover, the inability to obtain the instrument was because it had already been cashed, not because it was destroyed, lost, or in the possession of someone not amenable to service (negating the third element). Jozefowicz's response is that his contract with Sunny Hills failed to comply with provisions in the Probate Code governing powers of attorney, and thus Sunny Hills was not actually his representative in fact when it negotiated the check.

"To prevail on a motion for summary judgment, a defendant must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense to that cause of action." (*Campbell v. Scripps Bank* (2000) 78 Cal.App.4th 1328, 1333, fn. 2.) "The evidence of the moving party is strictly construed and that of the opponent is liberally construed, and any doubts as to the propriety of granting the motion are to be resolved in favor of the party opposing the motion." (*Ibid.*)

---

[3] Section 3309, which allows a person to enforce an instrument not actually in their possession, recognizes that this could put the payor in a precarious position and thus provides security for the payor in subdivision (b): "The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means."

We review an order granting summary judgment de novo. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336.)

We begin by explaining the nature of a cause of action under section 3309. A check is a negotiable instrument, subject to article 3 of the California Uniform Commercial Code. (§ 3104, subds. (a)(2), (c)-(f); Com. on Cal. U. com. Code, 23A pt. 2, West's Ann. Evid. Code (2002 ed.) foll. § 314, p. 175.) Article 3 treats a negotiable instrument as creating an obligation independent of any underlying obligation the instrument was used to pay. For example, where a check is issued to pay for, in this case, Allstate's obligation to repair Jozefowicz's home, that obligation is "suspended" until the check is either dishonored or paid. (§ 3310, subd. (b)(1).) If the person entitled to enforce the check is no longer in possession of it because it was lost, stolen, or destroyed, the underlying obligation is still suspended and may not be enforced. Instead, "the obligee's rights against the obligor are limited to enforcement of the instrument [i.e., the check]." (§ 3310, subd. (b)(4).) Thus Jozefowicz has not brought an action here to enforce the insurance contract. Instead, he brought an action to enforce the check.

Section 3309, quoted above, sets forth the requirements for a cause of action to enforce a check not in the plaintiff's possession. We note at the outset that the claim here is restricted to the second check issued by Allstate, as the first check is still in Jozefowicz's possession and thus does not fall within the scope of section 3309. Hence, all further mentions of the "check" refer to the second check.

The first requirement of section 3309 is that "the person was in possession of the instrument and entitled to enforce it when loss of possession occurred." Initially, this may seem problematic for Jozefowicz, since he was never actually in possession of the check, it having been mailed directly to Sunny Hills. However, in *Crystalplex Plastics, Ltd. v. Redevelopment Agency* (2000) 77 Cal.App.4th 990, the court held that because a check payable to joint payees can only be negotiated by both together, a physical delivery of the check to one payee puts the other in constructive possession. (*Id.*

5

at pp. 998-999; See § 3110, subd. (d) [a check made payable to the order of payee 1 *and* payee 2 "is payable to all of them and may be negotiated, discharged, or enforced only by all of them"].) Allstate does not challenge this element on appeal.

This analysis has implications for the second element of section 3309, which is that "the loss of possession was not the result of a transfer by the person or a lawful seizure." (*Id*., subd. (a).) First, we must pinpoint when the loss of possession occurred. Since Jozefowicz was in constructive possession so long as Sunny Hills was in possession, the loss of possession occurred when Sunny Hills lost possession—i.e., when the check was negotiated to the bank.

Accordingly, to prevail on his claim, Jozefowicz must prove that the negotiation of the check to the bank was *not* a transfer—if it was a transfer, section 3309 does not apply. Section 3203, subdivision (a), defines a transfer as follows: "An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." Here, the check was delivered by a person (Sunny Hills) other than the issuer (Allstate [see § 3105, subds. (a), (c)]), for the purpose of giving the person receiving the delivery (Farmers & Merchants Bank) the right to enforce the check (i.e., by demanding payment from Bank of America, the bank from which Allstate drew the funds). Accordingly, the loss of possession *did* occur as a result of a transfer, and thus Jozefowicz cannot satisfy the second element of section 3309.

We note that section 3309 does not say that the transfer must be by the person who lost possession, though presumably it would be in most cases. It is only the constructive possession that permits the anomalous result that Jozefowicz lost possession by a transfer he did not personally perform. But even if section 3309 did contain a requirement that the transfer be by the person who lost possession, we would still conclude section 3309 does not apply because when Sunny Hills transferred the check to the bank, it was acting as Jozefowicz's representative.

6

Jozefowicz resists this conclusion by contending the contract with Sunny Hills did not create an agency relationship. Jozefowicz cites Probate Code section 4121, subdivision (c), which requires that a power of attorney be notarized or witnessed by two people. That was not done here, and thus Jozefowicz concludes no agency relationship was created.

As Allstate points out, however, the Probate Code provisions concerning powers of attorney only apply to durable powers of attorney, statutory powers of attorney under the Uniform Statutory Form Power of Attorney Act (Prob. Code, § 4400 et seq.), and powers of attorney that specifically incorporate the Probate Code provisions. (Prob. Code, § 4050, subd. (a).) The Probate Code provisions explicitly do *not* apply to "[a] power of attorney to the extent that the authority of the attorney-in-fact is coupled with an interest in the subject of the power of attorney." (Prob. Code, § 4050, subd. (b)(1).) That is precisely what occurred here.

"'California decisional law has consistently followed the definition of [a power coupled with an interest] set out by Chief Justice Marshall in *Hunt* v. *Rousmanier* (1823) 21 U.S. (8 Wheat.) [citation]: "'A power coupled with an interest,' is a power which accompanies, or is connected with, an interest. The power and the interest are united in the same person." [Citation omitted.]' [Citation.] Such a power is irrevocable if there is a '"coexisting interest in the subject of the agency." [Citations.] "'The agency must be created for the benefit of the agent in order to protect some title or right in the subject of the agency or secure some performance to him. [Citation.]"' [Citation.]

"Because the purpose of a power coupled with an interest is to protect the *agent's* interest in the subject and its value, this kind of power of attorney is not an 'agency' as that term is commonly understood. Rather, the creator of the power relinquishes irrevocably any authority to direct the attorney in fact who is permitted, under such an arrangement, to act solely in his own interests. As is explained in the

7

Restatement Third of Agency, section 3.12, comment b, page 247, a 'power given as security does not create a relationship of agency . . . because it is neither given for, nor exercised for, the benefit of the person who creates it. The holder is not subject to the creator's control and the holder does not owe fiduciary duties to the creator.'" (*Bonfigli v. Strachan* (2011) 192 Cal.App.4th 1302, 1309.)

Here, Jozefowicz's contract with Sunny Hills specifically appointed Sunny Hills as Jozefowicz's representative, allowing Sunny Hills to "endorse and deposit in its account any Insurance Company checks or drafts relating to this Proposal and Work Authorization." Further, in the contract Jozefowicz specifically "direct[ed] that Allstate Insurance *include the name of Sunny Hill* [*sic*] *Restoration on any checks or drafts relating to this Proposal and Work Authorization*." The purpose of this arrangement was plainly to provide security for Sunny Hills to be paid for its work. Accordingly, it was an agency coupled with an interest. For that reason, the parties were not required to observe the formalities of the Probate Code in creating a valid agency relationship. Moreover, because this type of agency relationship did not create fiduciary duties, Jozefowicz's argument that the agency was terminated by a breach of fiduciary duty is unavailing.

Accordingly, Sunny Hills was validly acting as Jozefowicz's representative in transferring the check to the bank. Because Jozefowicz's loss of possession was due to a transfer by him vis-à-vis his representative, he cannot satisfy the second element of a claim under section 3309. Thus the court properly granted summary judgment.

DISPOSITION

Allstate's motion to strike an exhibit attached to Jozefowics reply brief and corresponding passages in that brief is granted.[4]  The judgment is affirmed.  Allstate shall recover its costs incurred on appeal.


IKOLA, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.

---

[4]    Jozefowics attached several e-mails as an exhibit to his reply brief to show that Allstate knew of the dispute between Jozefowicz and Sunny Hills when it sent the second check.  Those e-mails, however, were not before the trial court, and thus we will not consider them on appeal.  (*Vons Companies*, *Inc*. *v*. *Seabest Foods*, *Inc*. (1996) 14 Cal.4th 434, 444, fn. 3 ["normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matter which were part of the record at the time the judgment was entered'"].)