Filed 11/18/20  Martin v. Chen CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RUDY D. MARTIN,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>GUANG YUE CHEN, et al.<br><br>  Defendants and Respondents. | H046123<br>(Santa Clara County<br>Super. Ct. No. 15CV285753) |

Plaintiff and appellant Rudy D. Martin (Martin) failed to appear at the trial scheduled on his causes of action against defendants and respondents Guang Yue Chen and Mei Chen (referred to collectively as Chen), and Richard Newton (Newton).  Upon motion by each of these defendants, the trial court dismissed the case against each defendant without prejudice, pursuant to Code of Civil Procedure section 581, subdivision (b)(5).[1]  On appeal, Martin claims the trial court erred in dismissing the action against these defendants.  Finding no error on the trial court's part, we affirm the dismissal.

## I. INTRODUCTION

Martin represents himself in this appeal, as he did at the trial court.  As a party representing himself, Martin " 'is entitled to the same, but no greater, consideration than other litigants and attorneys.'  [Citations.]  Accordingly, we may disregard factual

_____

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise noted.

contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation].  [Fn. omitted.]  We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation].  . . . [W]e will bear in mind that an ' "order of the lower court is presumed correct." '  [Citation.]  Therefore, [the appellant] has the burden of affirmatively showing any error.  [Citation.]"  (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520, rehg. den. (June 18, 2019), review den. (Aug. 21, 2019) (*Tanguilig*).)

The Judicial Ethics Committee of the California Judges Association has opined that, "under the Code of Judicial Ethics, no reasonable question is raised about a judge's impartiality when the judge, in an exercise of discretion, makes procedural accommodations that will provide to a diligent self-represented litigant acting in good faith, the opportunity to have his or her case fairly heard.  In other words, judges should understand the difficulties encountered by self-represented litigants and that it is ethical to exercise discretion to treat them differently.  The judge may provide reasonable accommodations, affording latitude, being lenient and solicitous, making allowances, applying less stringent standards, and give self-represented litigants leeway and consideration."  (Cal. Judges. Assn., Jud. Ethics Com., Opn. No. 76 (2018) at p. 1, <https://www.caljudges.org/docs/Ethics%20Opinions/Op%2076%20Final.pdf> [as of Nov. 17, 2020], archived at: <https://perma.cc/U3BR-NYM4>.)  The liberal construction of pleadings is one reasonable accommodation the court can make.  (*Id*. at p. 9.)

In his appellant's opening brief, Martin sets forth three "questions presented," without providing any discussion or argument related to those questions.  He provides a statement of facts without citing to the record he designated—a 494-page Clerk's Transcript[2]; instead, he makes general references to three exhibits he attached to his

_____

[2] Martin incorrectly contends this appeal has been "coordinated to be considered concurrently" with appeal number H044760, *Martin v. J.P. Morgan Chase Bank*.  Based

2

appellant's opening brief.[3]  Martin includes legal argument, with minimal citation to the record or explanation of how the law he cites reveals any error by the trial court.  We will exercise our discretion to construe his brief liberally in an effort to determine the nature of Martin's complaints but decline to search the portions of record not cited by Martin in his appellant's opening brief to determine if they support his contentions on appeal.  (See *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.)  With this in mind, we turn to the merits of Martin's appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND[4]

Martin alleges the underlying case "is an action for:  Declaratory Relief, Injunctive Relief, Quiet Title, Breach of Contract, Breach of Fiduciary Duty, Fraudulent Conveyance, Fraudulent Inducement, Promise Without Intent to Perform, Embezzlement,

---

on his mistaken belief that the matters have been coordinated, Martin states, "judicial notice is requested of both cases filed together."  He has not filed a formal request for judicial notice.  Even if we deemed the statement in his brief as such a request, he does not discuss appeal number H044760 beyond this initial reference or explain why the other case is relevant to this appeal.  As a result, we will not review the record from appeal number H044760 in deciding this case.

[3] California Rules of Court, rule 8.204 allows a party filing a brief to attach materials from the appellate record to the brief.  While Exhibit 1 to Martin's brief is not part of the record, it is a minute order from the underlying civil action, of which we can take judicial notice.  Parts of Exhibit 2, related to a request for disability accommodations, are part of the record on appeal.  We will not consider those documents included in Exhibit 2 that are not part of the record.  (See *Jozefowicz v. Allstate Ins. Co.* (2019) 35 Cal.App.5th 829, 837, fn. 4.)  Nor will we consider Exhibit 3, also not part of the record.

[4] In reciting the background of this case, we refer only to those facts cited by Martin that are supported by citations to the record.  Thus, the background comes from the two exhibits appropriately attached to his opening brief (see fn. 2, *infra*), as well as the September 13, 2018 order dismissing the action without prejudice, which forms the basis of this appeal.  Martin also cites to a "November 1, 2017 docket entry," purporting to show that the trial court obstructed his ability to obtain representation by refusing his attorney's request for time to prepare for the trial.  The "docket entry" is part of the register of actions included in the clerk's transcript, and contains no information about the nature of any alleged request by Martin, or the trial court's response to it.

Breach of Implied Covenant, Conversion, and Fraud/Deceit." Martin did not designate the operative complaint as part of the record on appeal.[5] Based on the portion of the record cited by Martin, it appears he named Chen and Newton as defendants.

On September 27, 2016, the trial court adopted a tentative ruling indicating it could not rule on certain requests on the regular law and motion calendar without first determining who had rightful title to two properties, a determination that would require the court to make credibility findings. The court indicated it would expedite the trial in the matter, setting it for December 2016. Pending trial, the court ordered that rental payments on the property located on Cormorant Road would be placed into a blocked account and used solely to pay the mortgage, taxes, insurance and maintenance on the property.

Although the court set the case for trial in December 2016, for reasons that are not apparent from the portion of the record cited by Martin in his opening brief, the trial did not commence until August 13, 2018. On July 24, 2018, Martin submitted to the trial court a "request for accommodations by persons with disabilities," pursuant to California Rules of Court, rule 1.100,[6] which governs requests for accommodations by persons with disabilities, as specified in Civil Code section 51, the Americans With Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) (the ADA), or other applicable laws.[7] He requested a

---

[5] Neither Chen nor Newton filed responsive briefs challenging any of the factual allegations raised in Martin's opening brief. The nature of the underlying complaint is not at issue in this appeal. Thus, while we generally will only consider factual allegations properly supported by citations to the record, we will accept Martin's representation that these are the causes of action alleged in the operative complaint.

[6] Subsequent references to rules of court are to the California Rules of Court.

[7] Pursuant to rule 1.100(c)(4), "The court must keep confidential all information of the applicant concerning the request for accommodation, unless confidentiality is waived in writing by the applicant or disclosure is required by law." This rule applies when rulings regarding requests are being reviewed. (Rule 1.100(g)(3).) However, "[w]hen a party raises [his or] her physical condition as an issue in a case, [he or] she waives the right to claim that the relevant medical records are privileged." (*Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 279.) Martin included one of his requests, the court's

continuance of the trial until after September 2018, and then for a limit of four hours per day of trial once the trial began; he also asked the court to keep discovery open to resolve discovery disputes. Martin stated he made the requested accommodations "[s]ubsequent to recent heart operation suffering severe Charcots feet disability & dizziness, blurred vision and lightheadedness." The trial court's ADA coordinator responded the next day, stating the trial court had previously denied Martin's requested continuance; the coordinator asked Martin to provide updated information regarding his current functional limitations by August 3, 2018, for further consideration. One of Martin's doctors seemingly responded, in an undated letter addressed to the coordinator, indicating Martin needed to be off his left foot at all times for 36 weeks, and had to minimize weight bearing strain on his right foot to ensure he did not develop the same condition there. The record Martin cites in his opening brief does not indicate the ultimate resolution of his request for accommodations.

Martin commenced the instant appeal by filing a notice of appeal in the trial court on August 13, 2018, indicating he wanted to appeal an order that "was sent via email to plaintiff on August 10, 2018, as the court's response to plaintiffs request made to the court on July 23, 2018…." He contemporaneously filed a petition for writ of mandate and request for immediate stay and relief from the order emailed to him on August 10; he attached the writ petition to the August 13, 2018 notice of appeal. Included as part of the notice of appeal/ writ petition is a letter from the trial court's ADA coordinator indicating the trial court held an in-camera hearing on Martin's accommodation request and determined that, while it would grant certain appropriate accommodations, it would deny the requested continuance; the letter confirmed that the trial on the matter would commence on August 13, 2018. On August 14, 2018, this court issued an order denying

response, and various medical information in his unredacted briefing. We limit our discussion of this information to that necessary for resolving the appeal.

5

the petition for writ of mandate, as well as the request for stay. (*Martin v. Superior Court* (H046088).)[8]

In his opening brief, Martin alleges he was hospitalized for emergency heart surgery during the period of time the trial was set to take place. He does not cite any evidence in the record supporting this claim.

On August 22, 2018, Martin filed a second notice of appeal, appealing from a judgment or order entered on August 15, 2018. He checked the boxes on the Judicial Council form indicating the order being appealed was a judgment of dismissal and/or an order after judgment and wrote in "[d]ismissal after denial of request under CRC Rule 1.100." In his opening brief, Martin does not cite to any portion of the record containing an order issued August 15, 2018.[9] However, he does cite to a written order filed September 13, 2018, at which time the trial court granted Chen and Newton's requests for dismissal pursuant to section 581, subdivision (b)(5), which provides that an action can be dismissed by the court, without prejudice, if one party fails to appear for trial, and the

---

[8] On October 8, 2020, this court issued an order requiring Martin to show cause by letter brief why the appeal filed August 13, 2018, from the denial of accommodations should not be dismissed as taken from nonappealable order, notably an order that has already been addressed in a writ petition proceeding. Under rule 1.100(g)(2), such an order is expressly reviewable by writ petition; Martin filed a writ petition and received a ruling on it from this court. In his letter brief filed October 23, 2020, Martin has not shown good cause for this court to revisit this issue on appeal. While he suggests the August 13, 2018 notice of appeal had nothing to do with the writ petition, it is clear from the face of the notice of appeal that he was seeking review of the order that was the proper subject of the writ petition. More importantly, the later-filed notice of appeal seeking review of the order dismissing the action allows us to review all of the trial court orders addressed by Martin in his opening brief. Thus, we hereby dismiss the notice of appeal filed with the trial court on August 13, 2018.

[9] Martin did designate an August 15, 2018 minute order as part of the record on appeal. At the hearing, the trial court noted that this court denied Martin's petition for writ of mandate. It then granted Chen and Newton's requests for dismissal pursuant to section 581, subdivision (b)(5), without prejudice, and ordered Chen's attorney to prepare an order for the court's signature.

6

other party appears and requests dismissal.  The court found that Martin failed to appear for trial on August 13, 14, and 15, 2018.  Thus, it dismissed the matter as to Chen and Newton without prejudice.  The clerk of court served the order on Martin by mail on September 13, 2018.  Pursuant to rule 8.104(d), we treat the notice of appeal as filed immediately after entry of the September 13, 2018 order, which is a final judgment, appealable pursuant to section 904.1, subdivision (a).  (See *Herrscher v. Herrscher* (1953) 41 Cal.2d 300, 303-304.)

### III.    DISCUSSION

Martin states that the September 13, 2018 order of dismissal is the subject of his appeal.  He does not cite any legal authority specifically relating to that order, including section 581, subdivision (b)(5), the statute under which the trial court dismissed the action without prejudice.  That provision gives the trial court discretion to dismiss an action without prejudice when a party fails to appear at trial and the other party appears and asks for dismissal.  (§ 581, subd. (b)(5).)  "When reviewing a discretionary dismissal . . .  an appellate court must presume that the decision of the trial court is correct.  ' "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' [Citation.]  . . .  The burden is on the party challenging the trial court's decision to show that the court abused its discretion.  [Citation.]  Thus, even if there is no indication of the trial court's rationale for dismissing an action, the court's decision will be upheld on appeal if reasonable justification for it can be found.  'We uphold judgments if they are correct for any reason, "regardless of the correctness of the grounds upon which the court reached its conclusion." ' [Citation.]" (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.)  Here, the record shows that Martin knew the trial was scheduled for August 13, 2018, and failed to appear; Chen and Newton each appeared and requested dismissal under section 581, subdivision (b)(5), which the trial court granted.  Martin has not shown any error in the trial court doing so.

Rather than discuss the dismissal order and section 581, subdivision (b)(5), Martin first suggests that the trial court erred in denying his request for accommodations under rule 1.100. Other than generally referencing the rule of court, Martin does not cite any legal authority in support of any contentions he has in this regard. The trial court's denial of his request for a continuance as an accommodation was the subject of the writ petition we denied. Martin has not identified any legal authority that would allow us to revisit the issue on appeal.

Martin next questions whether a "court's denial of a fee waiver request should include a written statement of the reason for denial." (Capitalization omitted.) Martin did not cite to any portion of the record on appeal containing an order denying a request for fee waiver. Nor does he cite any relevant legal authority requiring a trial court to issue a written statement if it denies a fee waiver request, or otherwise discuss how this question pertains to the issues on appeal.

The first legal authority Martin relies on is *Boddie v. Connecticut* (1971) 401 U.S. 371, 377 (*Boddie*), for the proposition that, "absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." ·Without further discussing the application of *Boddie* to the present case, Martin then contends he was "prejudicially disenfranchised by the court's taking away [his] income, obstructing [Martin] obtaining representation by refusing to allow attorneys' requests for upfront time needed for preparation for trial and then denying [Martin] an ADA Accommodation and ignoring medical incapacitation resulting due to emergency heart surgery, all causing this case to be dismissed. . . ."

In *Boddie*, the United States Supreme Court found that the state court erred in "denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages." (*Boddie*, *supra*, 401 U.S. at p. 374.) In doing so, the Supreme Court confirmed that, "[d]ue process does not, of course, require that the

defendant in every civil case actually have a hearing on the merits. A State can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance [citation], or who, without justifiable excuse, violates a procedural rule. . . [citation]. What the Constitution does require is 'an opportunity granted at a meaningful time and in a meaningful manner,' [citation] 'for a hearing appropriate to the nature of the case,' [citation]. The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings. [Fn. omitted.]" (*Boddie*, at p. 378.) Thus, we consider whether Martin has met his burden to show that the trial court failed to provide him a meaningful opportunity to present his case given the nature of the proceedings.

Regarding his income, Martin states that his income came from a rental property, which the trial court ordered to be held in a blocked account. He argues that the trial court denied him due process by taking away the income on an ex parte basis, without giving him "adequate time" or "due consideration"; but he cites only to the September 2016 minute order, which provides no information about how the issue of putting the rental payments for the property into a blocked account came before the court. The minute order reveals only that the trial court adopted a tentative ruling, with no appearances from the parties at the time the ruling was adopted. Martin did not cite to any portion of the record confirming whether or not he received notice of the tentative ruling, or that he was denied the opportunity to appear and object to that ruling.[10] Because Martin did not provide us with the record of what occurred in the trial court, we cannot determine whether the legal authority cited by Martin reveals an error in the trial court proceedings. Absent such evidence, we indulge "[a]ll intendments and presumptions … to support [the order] on matters as to which the record is silent. . . ."

_____

[10] On appeal, Martin did not designate any portion of the trial court record prior to January 2018.

9

(*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.)  Thus, we find no error in the trial court's order.

As for the contention that the trial court erred by refusing an attorney's request for time to prepare for trial, as already noted, Martin cited only to an entry in the trial court's register of actions in support of this allegation.  The register of actions indicates on November 1, 2017, Martin filed an ex parte application to continue trial, along with a declaration in support of the application, and a notice of limited scope representation.  There is also an entry indicating the court denied the requested continuance.  Nothing in these docket entries specifies the basis on which Martin sought a continuance, or the reason the trial court denied the continuance.  He did not designate any of the pleadings filed November 1, 2017, as part of the record on appeal, or cite to any of those pleadings in his opening brief.  Martin bears the burden of showing the trial court erred; he has not done so with regard to the requested continuance, and we otherwise presume the order is correct.  (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.)

Martin next alleges the trial court did not give him equal time to present his "side of the issues to the Court," claiming the court "repeatedly limited [Martin] to no more than one minute after the opposing parties were allowed to speak at length. . . .  He does not cite to any portion of the record supporting this allegation or specify any particular hearing or proceeding at which the court afforded him less time than the opposing parties.  He does cite legal authority in support of his claim (*Cruz v. Superior Court* (2004) 120 Cal.App.4th 175 (*Cruz*)) but does not explain how the case demonstrates that the trial court erred.  *Cruz* concerns the trial court's duty to hold a noticed hearing before denying a litigant's request for a fee waiver where there is a "substantial evidentiary conflict" concerning the litigant's financial eligibility for in forma pauperis status.  (*Cruz*, at p. 180.)  The appellate court in *Cruz* did not address any requirements regarding the amount of time parties have to present evidence and argument at hearings.  Martin has not shown error on the trial court's part in this regard.

Martin similarly alleges, without citation to the record or further explanation, that he was prejudiced because the trial court stopped providing court reporters at the hearings in his case. He does not cite any legal authority in support of this argument. As with his other allegations, Martin has not met his burden to show error.

Martin has not shown that the trial court erred in dismissing the action without prejudice on September 13, 2018, or that it erred in issuing any of the other orders referenced in Martin's opening brief. We thus presume the order of dismissal is correct and affirm.

## IV. DISPOSITION

The August 13, 2018 appeal is dismissed. The September 13, 2018 order is affirmed.

_____

Greenwood, P.J.


WE CONCUR:




_____

 Bamattre-Manoukian, J.







_____

 Grover, J.




Martin v. Chen et al.
No. H046123