Filed 12/20/22  Padilla v. Jakubaitis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CARLOS PADILLA III, | |
| Plaintiff and Respondent, | G060295 |
| v. | (Super. Ct. No. 30-2012-00553004) |
| FRANK JAKUBAITIS et al., | O P I N I ON |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Affirmed.  Motion to Dismiss.  Denied.  Request for Judicial Notice.  Granted.  Motion to Strike Documents from Respondent's Appendix and Related portions of Respondent's Brief.  Granted.  Request for Sanctions.  Denied.

Frank Jakubaitis and Tara Jakubaitis, in pro. per., for Defendants and Appellants.

Pacific Premier Law Group and Arash Shirdel for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Both the present case and related case No. G060709 are appeals from orders denying motions made pursuant to Code of Civil Procedure section 473, subdivision (d) (section 473(d)) to set aside or vacate judgments or orders.[1] Here, Frank Jakubaitis and Tara Jakubaitis appeal from an order denying their motion to vacate a default judgment. Frank and Tara[2] are not judgment debtors named in the default judgment; it had been entered only against WeCosign, Inc. (WeCosign) and WeCosign Services, Inc. (WeCosign Services). Frank and Tara contend nonetheless they are potentially liable under the default judgment because, they claim, plaintiff, Carlos Padilla III, intends to enforce the judgment against them based on his allegations they are alter egos of WeCosign and WeCosign Services.

The default judgment cannot be enforced against Frank and Tara because they are not named as judgment debtors and no adjudication of alter ego has ever been made. Whatever potential liability Frank and Tara may have in the future, at this time they have no rights or interests which are injuriously affected by the default judgment and, therefore, had no standing to bring the motion to vacate the default judgment. For that reason, we affirm the order denying the motion to vacate the default judgment.

---

[1] Section 473(d) reads: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." An order denying a motion made pursuant to section 473(d) is appealable as an order made after final judgment. (Code Civ. Proc., § 904.1, subd. (a)(2); *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009.)

[2] We use first names for convenience and to avoid confusion. We intend no disrespect by doing so.

FACTS AND PROCEDURAL HISTORY

Padilla initiated this litigation in March 2012 by filing a complaint naming Frank, Tara, WeCosign, and Tara Pacific, Inc., as defendants. The complaint asserted 34 causes of action ranging from breach of contract to fraud to violation of wage and hour laws and violations of federal and state securities laws. Padilla alleged Frank and Tara had failed to repay loans totaling $89,000; Frank, Tara, and WeCosign had failed to deliver to him 15 million shares of WeCosign stock for which he had invested $100,000; and WeCosign, Padilla's former employer, had failed to pay him wages and denied him meal and rest periods.

After the complaint was filed, the litigation took many twists and turns with several trips to the Court of Appeal and detours to the bankruptcy court. Relevant to this appeal are the following events.

Padilla filed a first amended complaint in August 2012. The first amended complaint alleged WeCosign was the alter ego of Frank. WeCosign Services was substituted as a defendant in place of defendant Doe 1 in February 2013. Eight months later, Padilla dismissed WeCosign Services from the complaint except for the 26th and 27th causes of action, both for fraudulent transfer.

In November 2013, a default judgment in the amount of $781,095.61 was entered against Frank. A panel of this court reversed that default judgment. (*Padilla v. Jakubaitis* (Nov. 9, 2015, G051094) [nonpub.opn.].)

In March 2014, the trial court issued an order striking the answers of WeCosign and WeCosign Services and ordering the entry of their defaults. The court ordered the answers stricken because both WeCosign and WeCosign Services had "willfully disobeyed the court's previous orders to provide basic, fundamental discovery, and that both Defendants' failure to provide basic and non-evasive discovery responses has caused moving Plaintiff substantial prejudice in his preparation for trial."

In May 2014, default judgments were entered in the amount of $825,950.56 against WeCosign and $958,956.84 against WeCosign Services. The judgments also state: "[A]s a result of the specific finding of fraud, Carlos Padilla III is entitled to the recovery from WeCosign, Inc. and WeCosign Services, Inc., jointly and severally of all attorney fees in the amount of $191,127.97."

WeCosign ceased operating and filed a chapter 7 bankruptcy petition in June 2014. WeCosign Services also appears as a debtor in WeCosign's bankruptcy petition. The bankruptcy case was closed in January 2015.

Padilla filed a second amended complaint in November 2018, a third amended complaint in February 2019, and a fourth amended complaint in January 2020. The second amended complaint and succeeding complaints alleged that WeCosign was the alter ego Frank and Tara.

In November 2018, Padilla filed a motion for summary judgment or summary adjudication. Among the issues sought to be adjudicated was whether Frank and Tara were the alter egos of WeCosign and WeCosign Services. The trial court denied the motion for procedural reasons.

In July 2020, Frank and Tara filed a motion pursuant to section 473(d) to vacate the default judgment against WeCosign and WeCosign Services. Frank and Tara, though not named in the judgment, contended they were aggrieved by it because Padilla could and would seek to enforce the judgment against them under an alter ego theory.

The trial court denied the motion to vacate the default judgment by minute order dated March 25, 2021. At the hearing on the motion, the court said to Frank and Tara, "You do not have standing to move to vacate the judgment. . . . You do not have standing to do that." Frank and Tara timely appealed.

4

*Request for Judicial Notice and Motion to Strike Items from Respondent's Appendix*

Padilla has filed a request for judicial notice and Frank and Tara filed a motion to strike items from the respondent's appendix and respondent's brief. We grant both.

1. Request for Judicial Notice

Padilla requests we take judicial notice of two items: (1) a certified copy of the certificate of status for WeCosign issued by the California Secretary of State and (2) a certified copy of the certificate of status for WeCosign Services issued by the California Secretary of State. Frank and Tara opposed the request for judicial notice.

We deny the request for judicial notice. "Reviewing courts generally do not take judicial notice of evidence [that was] not presented to the trial court" (*Vons Companies, Inc. v. Seabest Foods, Inc*. (1996) 14 Cal.4th 434, 444, fn. 3) and courts will take judicial notice of only relevant matter (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6). The certificates of status are not relevant to the issues raised by the appeal and our decision to affirm is not in any way dependent on them.

*2.* Motion to Strike Items from Respondent's Appendix

Frank and Tara filed a motion to strike two items from the respondent's appendix: (1) "Bankruptcy petition concerning Mr. Jakubaitis" and (2) "Certificate of Notice Revoking Discharge." Padilla has not filed opposition.

We grant Frank and Tara's motion. Rule 8.124(b)(1) of the California Rules of Court circumscribes the contents of the appendix. Rule 8.124(b)(1)(B) provides that an appendix must contain "[a]ny item listed in rule 8.122(b)(3) that is necessary for proper consideration of the issues." Rule 8.122(b)(3) provides that a clerk's transcript must contain, if designated by a party, "[a]ny other documents *filed or lodged* in the case in the superior court," exhibits that were "admitted in evidence, refused, or lodged," and

5

"[a]ny jury instruction that any party submitted in writing . . . ." Documents that were not filed or lodged in the case in the superior court cannot be included in respondent's appendix. "[N]ormally, 'when reviewing the correctness of a trial court's judgment, an appellate court will consider those matters which were part of the record at the time the judgment was entered.'" (*Vons Companies, Inc. v. Seabest Foods, Inc., supra*, 14 Cal.4th at p. 444, fn. 3; see, e.g., *Jozefowicz v. Allstate Ins. Co.* (2019) 35 Cal.App.5th 829, 837, fn. 4 [e-mails not presented to the trial court will not be considered on appeal].)

Frank's bankruptcy petition was not filed or lodged in the Superior Court: It was filed in the bankruptcy court. Likewise, the certificate of notice and notice of order revoking bankruptcy discharge was filed in the bankruptcy court, not the superior court. Those two items were not part of the trial court record in this case and are ordered stricken from the respondent's appendix.

The respondent's appendix also includes: (1) WeCosign, Inc.'s statement of information filed with the California Secretary of State on November 23, 2009; (2) a printed copy of a California Secretary of State business search for WeCosign, Inc. with a date of December 29, 2021; and (3) a print copy of a California Secretary of State business search for WeCosign, Services Inc. with a date of December 29, 2021. Those three items were not before the trial court and are not properly part of the record on appeal. On our own motion we order them stricken from the respondent's appendix.

Frank and Tara also move to strike from the respondent's brief five passages that are either not supported by citations to the record or supported only by citations to documents which we have ordered stricken from the respondent's appendix.[3]

---

[3] The five passages are: (1) page 7, "As Judge Theodore Albert once said regarding Frank Jakubaitis, 'sometimes the Court must swing the hammer of God in order to get compliance' with the rules"; (2) page 8, "the Court must wield the proverbial 'hammer of god' against Frank and Tara Jakubaitis"; (3) page 9, "On 1.9.13 Frank Jakubaitis filed bankruptcy, attempting to skirt his responsibilities for the monies that he had stolen from various investors"; (4) page 9, "On 9.26.19 the United States Bankruptcy

Inasmuch as those passages are not supported by citations to the record, we grant the motion to strike them. (Cal. Rules of Court, rule 8.204(a)(1)(C); see *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 195; *C.J.A. Corp. v. Trans-Action Financial Corp.* (2001) 86 Cal.App.4th 664, 673.)

DISCUSSION

*Relevant Law and Standard of Review*

Section 473(d) provides that "[t]he court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." Section 473(d) places no time limitation on making such a motion, and the trial court retains equitable power to set aside a void judgment at any time. (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.) A judgment that is void on its face may be set aside at any time after its entry by the court which rendered the judgment. (*Ibid.*)

A judgment is void on its face only if its invalidity is apparent from an inspection of the judgment roll without consideration of extrinsic evidence. (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327; *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441 ["'A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll'"].) "To prove that the judgment is void, the party challenging the judgment is limited to the judgment roll, i.e., no extrinsic evidence is allowed." (*OC Interior Services, LLC*, at p. 1327; see *Johnson v. Hayes Cal Builders, Inc.* (1963) 60

Court revoked Frank Jakubaitis' discharge on the grounds that he was a fraudster, and thus not entitled to a discharge"; and (5) page 16, "In fact Frank and Tara Jakubaitis have been sanctioned over $25,000 by the various Courts, including the trial court, and the bankruptcy courts, yet they have failed to pay a single penny of those sanctions";

7

Cal.2d 572, 576 ["The validity of the judgment on its face may be determined only by a consideration of the matters constituting part of the judgment roll"].)

If, as in this case, the judgment resulted from the defendant's default, the judgment roll consists of "the summons, with the affidavit or proof of service; the complaint; the request for entry of default with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." (Code Civ. Proc., § 670, subd. (a).) Notices of motions, motions, and proofs of service of notices are not part of the judgment roll. (*Johnson v. Hayes Cal Builders, Inc.* (1963) 60 Cal.2d 572, 576-577; *Nagel v. P & M Distributors, Inc.* (1969) 273 Cal.App.2d 176, 180 [judgment roll consisted of the summons with the proof of service, the complaint with endorsements that defendant's default was entered, and a copy of the judgment].)

A judgment is void if the trial court lacked fundamental jurisdiction; that is, ""'"an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties."'"" (*Lee v. An* (2008) 168 Cal.App.4th 558, 563; see *Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 98 ["'A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void'"].) In contrast, when a court acts merely in excess of its jurisdiction or defined power, a judgment is voidable. (*Ibid*.) Default judgments are void "if the trial court lacked jurisdiction over the parties or the subject matter of the complaint," or "if the complaint failed to 'apprise[] the defendant of the nature of the plaintiff's demand,'" or "if the court granted relief which it had no power to grant." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823.) The quintessential example of a court acting without fundamental jurisdiction for granting unauthorized relief is a default judgment in an amount exceeding the specific amount of damages alleged in the complaint. (*Ibid*.; *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494-495.)

8

"The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.)

*Frank and Tara Did Not Have Standing to Bring the Motion to Vacate the Default Judgment*

Padilla argues that Frank and Tara lacked standing to challenge the default judgment. In addition to raising that point in the respondent's brief, Padilla has brought a motion to dismiss the appeal for lack of standing. Padilla's brief and motion to dismiss raise these four grounds for dismissal: (1) WeCosign and WeCosign Services cannot appear in propria persona but must be represented by counsel; (2) WeCosign and WeCosign Services are suspended business entities and therefore cannot appear in civil actions; (3) Frank and Tara lacked standing to challenge the default judgments; and (4) no valid reason exists to set aside the default judgments. Padilla presents the same arguments in his respondent's brief.

The first, second, and fourth grounds for dismissal can be addressed summarily. The motion to vacate the default judgment was not brought by WeCosign and WeCosign Services: Frank and Tara brought that motion in their individual capacities. Frank and Tara are not, and have never claimed to be, representing WeCosign and WeCosign Services. That means Frank and Tara had to establish *their own* standing to bring the motion to vacate the default judgment. The fourth ground for dismissal pertains to the merits of the appeal and not our authority to hear it.

As to Frank and Tara's standing, the parties tend to blur the issue of standing to appeal with standing in the trial court to bring the motion to vacate the default judgments. The issue presented here is not whether Frank and Tara have standing to appeal the order denying their motion to vacate the default judgment. (See Code Civ. Proc., § 902.) Clearly, they do, as they are aggrieved by that order, which denied their

motion. The relevant issue is whether Frank and Tara, though not judgment debtors, had standing to challenge the default judgment in the trial court. We conclude Frank and Tara did not have standing to bring the motion to vacate the default judgments. Because Frank and Tara did not have standing to challenge the default judgment in the trial court, the correct remedy is not to dismiss the appeal but to affirm the order denying the motion to vacate the default judgment.[4]

A nonparty to a judgment has standing to bring a motion to vacate a void judgment if the nonparty's rights or interests are "'injuriously affected by the judgment . . . .'" (*Skolsky v. Electronovision Productions, Inc.* (1967) 254 Cal.App.2d 246, 249, quoting *Elliott v. Superior Court* (1904) 144 Cal. 501, 509; see *Mitchell v. Automobile Owner Indemnity Underwriters* (1941) 19 Cal.2d 1, 7 [nonparties may attack a void judgment "only when, if the judgment were given full effect, some right in them would be affected by its enforcement"]; *People v. Silva* (1981) 114 Cal.App.3d 538, 547 ["[A] stranger may attack a void judgment if some right or interest in him would be affected by its enforcement"].) "'A stranger to an action who is aggrieved by a void judgment may move to vacate the judgment, and on denial of the motion may have the validity of the judgment reviewed upon an appeal from the order denying the motion.'" (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 15.) "'An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision.'" (*Doe v. Regents of the University of California* (2022) 80 Cal.App.5th 282, 293.)

---

[4] The standard for standing is just about the same in both situations. The remedy for each is, however, different. Lack of standing to appeal would result in dismissal of the appeal; lack of standing to bring the motion to vacate the default judgment would result in affirmance of the order denying the motion.

Accordingly, the fact Frank and Tara were not parties to the judgment "does not, ipso facto, preclude [Frank and Tara] from moving to set aside the judgment" if they have "a sufficient interest in the subject." (*Skolsky v. Electronovision Productions, Inc., supra*, 254 Cal.App.2d at p. 248.)

Frank and Tara argue the default judgment injuriously affects their rights or interests because it appears Padilla intends to enforce the default judgment against them based on his allegations they are alter egos of WeCosign and WeCosign Services. Padilla indeed has alleged Frank and Tara are alter egos of WeCosign and WeCosign Services, and Padilla unsuccessfully sought summary adjudication of his alter ego claim. But no determination of alter ego has been made. The default judgment at present cannot be enforced against Frank or Tara because it is against WeCosign and WeCosign Services only. Although Frank and Tara have rights or interests that may be injuriously affected by the default judgments at some time in the future — if certain contingencies occur — at the present time they are not injuriously affected by the judgment.

Unless and until the default judgment is amended to add Frank and Tara as judgment debtors, it cannot be enforced against them, and they have no rights or interests that are injuriously affected by it.

In the respondent's brief, Padilla makes a one-sentence request that we impose "hefty sanctions" against Frank and Tara for "their repeated bad faith tactics in litigation and frivolous appeals." A request for appellate sanctions requires a separate motion with a supporting declaration. (Cal. Rules of Court, rule 8.276(b)(1); *FEI Enterprises, Inc. v. Yoon* (2011) 194 Cal.App.4th 790, 807.) Because Padilla has not complied with that requirement, we decline to consider imposing sanctions against Frank and Tara.

## DISPOSITION

The order denying the motion to vacate the default judgment is affirmed. Padilla shall recover costs on appeal.

SANCHEZ, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.